**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Charles WEBB, Defendant-
Appellant.**

**No. 71-2961.**

United States Court of Appeals,
Ninth Circuit.

Sept. 26, 1972.

Rehearing Denied Oct. 18, 1972.

Robert L. Woodward, Anchorage, Alaska, for defendant-appellant.

---

A. Lee Petersen, Asst. U. S. Atty. (argued), G. Kent Edwards, U. S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before MERRILL, DUNIWAY and TRASK, Circuit Judges.

DUNIWAY, Circuit Judge:

Convicted of armed robbery of a Savings and Loan Association (18 U.S.C. § 2113(a), and (d)), Webb appeals. We reverse.

On October 27, 1970, a branch of the First Federal Savings and Loan Association in Anchorage, Alaska, was robbed. An employee, who was alone at the time, testified that two men, wearing green army style parkas and dark blue ski masks, one of them carrying a pistol, robbed the branch. She could not identify Webb as one of them. Two marked $100 bills were taken and were traced to Webb. This evidence, plus other circumstantial evidence, is the basis of the conviction.

At the trial the only really contested factual issue was whether Webb was one of the robbers. Over objection, the government was permitted to prove that on January 16, 1971, Webb was caught red-handed robbing a Ben Franklin Variety store in Anchorage, using a pistol. He was alone and wore a dark suit and white shirt, a wig, and a mask. It does not appear that the mask was a ski mask. The savings and loan employee testified that the pistol "looked exactly like the gun [one of the robbers] had pointed at" her.

■ The general rule is that evidence of other offenses is not admissible to show the defendant's bad character or disposition to commit crimes. *See, e. g.,* Loux v. United States, 9 Cir., 1968, 389 F.2d 911; Tedesco v. United States, 9 Cir., 1941, 118 F.2d 737. The likelihood of its unduly prejudicing the jury outweighs its relevance. 1 Wigmore, Evidence § 194 (3d ed. 1940 and 1970 Supp.); *see also* 70 Yale L.J. 763 (1961). There are, however, numerous situations where such evidence is admissible, because it tends to show the commission of the crime in issue. Thus, when the evidence of the other offense bears on the intent, knowledge, identity, malice, or motive of the defendant, or on an element of the crime, or on a common scheme, plan, system, or design, such evidence will be admitted. Spencer v. Texas, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606; Parker v. United States, 9 Cir., 1968, 400 F.2d 248; Wigmore, *supra,* §§ 215–218.

■ The government asserts that in this case criteria for admissibility are met. It does not tell us how. We cannot find in this case that Webb's committing the second robbery shows any common scheme, plan, system or design. Nor does it show malice or motive or intent or knowledge on the part of the perpetrators of the first crime or help to establish any element of that crime. The second robbery resembled the first in two respects only: (1) in the first case, both robbers wore dark blue ski masks; in the second, Webb wore a mask, apparently of a different type; (2) in the first case, one robber used a pistol; in the second, Webb used a similar pistol. Neither singly nor together are these elements sufficiently distinctive to warrant an inference that Webb was one of the robbers in the first case. Many robbers use masks and guns; many guns look alike. Indeed, the differences between the two robberies are more striking than the resemblances. There is here not enough probative value in the second crime to overcome its prejudicial effect. All that the second robbery shows is that Webb is a bad character, disposed to commit robbery. That is not enough to make the second robbery admissible.

Reversed and remanded for a new trial.